UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| CRYSTAL ANN WULF,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>COFFEE CUP FUEL STOPS AND<br>CONVENIENCE STORES, LLC,<br><br>　　　　　　Defendant. | CIV. NO. 4:24-4229-LLP<br><br>MEMORANDUM OPINION AND ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, DENYING MOTION TO APPOINT COUNSEL, DENYING ELECTRONIC FILING, AND DISMISSING COMPLAINT |

Pending before the Court is a Motion for Leave to Proceed in Forma Pauperis (Doc. 3), a Motion to Appoint Counsel (Doc. 2), and a Motion to Electronically File Documents (Doc. 6) filed by pro se plaintiff Crystal Ann Wulf ("Ms. Wulf"). For the following reasons, Ms. Wulf's Motion for Leave to Proceed in Forma Pauperis is granted. Her Complaint is dismissed without prejudice. Her Motion to Appoint Counsel and Motion for Electronic Filing are denied without prejudice.

## BACKGROUND

### I.　Facts

On December 31, 2024, Plaintiff Crystal Ann Wulf filed a lawsuit against Coffee Cup Fuel Stops and Convenience Stores, LLC. The Complaint identifies the basis for jurisdiction in this matter as diversity of citizenship, indicating that Plaintiff is a resident of Pipestone County, Minnesota and Defendant a resident of Minnehaha County, South Dakota. (Doc. 1) However, the Complaint, in which Plaintiff requests the Court grant punitive damages in the amount of $40,000 does not identify an amount in controversy sufficient to meet the $75,000 threshold for diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1)

However, the Court's jurisdiction in this matter can be premised on federal question jurisdiction. Plaintiff alleges a violation of Title VII of the Civil Rights Act of 1964, which is a claim arising under federal law. (Doc. 1). *Thompson v. Benedictine Health Ctr. at Innsbruck*, No. 21-CV-0969 (PJS/KMM), 2021 WL 3146530, at *1 (D. Minn. July 26, 2021) (finding federal-

question jurisdiction over claims arising under Title VII); *see also Rush v. State Arkansas DWS*, 876 F.3d 1123, 1125 (8th Cir. 2017) (reversing order dismissing Title VII claim for lack of subject matter jurisdiction where unverified letter to EEOC supported exhaustion of administrative remedies).

Ms. Wulf brings this action against Coffee Cup Fuel Stop in Brandon, South Dakota on the ground that this employer discriminated against her for expressing her religious beliefs. In her Complaint, Ms. Wulf states, "I believe that I was denied reasonable religious accommodations. I believe that I was forced to leave my position for expressing my beliefs."

Ms. Wulf alleges that on March 4, 2024, a store manager who overheard a conversation between Ms. Wulf and a co-worker told Ms. Wulf that she "could no[t] say the word church while [] working, [and] not . . . speak about Jesus." Ms. Wulf responded by telling the manager that the alleged restriction was illegal and filed a complaint with Human Resources.

Ms. Wulf also alleges that "on a prior day, the date I am not sure of" the store manager banned ear buds from the kitchen. Ms. Wulf alleges this decision was made "two days after Terri, the kitchen manager, granted me permission to listen to my prayer line for one hour a day, two times per week." Ms. Wulf alleges a co-worker was "still allowed to wear earbuds in the kitchen to listen to his audio books due to 'prior approval.'"

Ms. Wulf alleges the area supervisor came to speak with her and said, "we don't allow our employees to carry fire arms [sic] to work and we will not allow them to speak about Jesus either." According to Ms. Wulf, the supervisor was "equating my religion to being as offensive as carrying a loaded weapon." Ms. Wulf alleges that she asked if she would be fired for speaking about Jesus. According to Ms. Wulf, the supervisor "threaten[ed] her employment" by saying, "we won't fire you for that but…," leaving an open-ended statement.

The Complaint does not indicate whether, when or how her employment at Coffee Cup Fuel Stop ended. Ms. Wulf's application to proceed in forma pauperis does not identify Coffee Cup Fuel Stop in her employment history.

Ms. Wulf alleges that she filed a charge with the EEOC and was granted a notice of right to sue (charge number: 444-2024-01403).

I.   **Application to Proceed in Forma Pauperis**

Ms. Wulf seeks to proceed in forma pauperis. (Doc. 3). This Court may authorize the commencement of suit without prepayment of fees when an applicant files an affidavit stating she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915. Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the court's discretion. *Cross v. Gen Motors Corp*, 721 F.2d 1152, 1157 (8th Cir. 1983). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000) (citation omitted).

Ms. Wulf's affidavit states that "[b]ecause of my poverty I am unable to pay a reasonable attorney fee." (Doc. 3). The expenses set forth in Ms. Wulf's affidavit indicate that even if she were to forego all expenses related to "Recreation, entertainment, newspapers, magazines," the filing fee combined with her other expenses, would exceed Ms. Wulf's expected income for the month. In turn, the Court grants Mr. Wulf's request to proceed *in forma pauperis*.

II.   **Screening of Complaint under 28 U.S.C. § 1915(e)(2)(B)**

A. **Standard of Review**

The inquiry does not end there. Congress has directed this Court under 28 U.S.C. § 1915(e)(2)(B) to review and screen claims in a complaint being filed in forma pauperis to determine if they are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who has immunity. *See* 28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Aziz v Burrows*, 976 F.2d 1158, 1158 (8th Cir. 1992) (quoting *Neitzke v Williams*, 480 U.S. 319, 325 (1989)).

A complaint states a claim upon which relief may be granted if it contains sufficient factual matter, accepted as true to "state a claim to relief that is plausible on its face." *Bell Atl Corp v Twombly*, 550 U.S. 544, 570 (2007). In reviewing whether a complaint states a claim on which relief may be granted, the Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Braden v Wal-Mart Stores, Inc*, 588 F.3d 585, 594 (8th Cir. 2009). To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere

3

conclusory statements." *Ashcroft v Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A plaintiff must demonstrate a plausible claim for relief that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted).

A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A reviewing court has the duty to examine a pro se complaint "to determine if the allegations provide for relief on any possible theory." *Williams v Willits*, 853 F.2d 586, 588 (8th Cir. 1988). However, a court is not required to supply additional facts for a pro se plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

**B. Application**

Ms. Wulf alleges discriminatory treatment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Ms. Wulf alleges that her former employer treated her unfavorably on account of her religious beliefs. The Court considers Ms. Wulf's claim under Title VII. Under Title VII, codified at 42 U.S.C. 2000e et seq, it is an unlawful employment practice for an employer:

**(1)** to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

**(2)** to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise

adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

Ms. Wulf's Complaint identifies her religion as a protected classification that would justify relief under Title VII. Under Title VII, Ms. Wulf appears to plead two harms: (1) constructive termination and (2) failure to make reasonable accommodations.

With respect to the first issue, "[a]n employee is constructively terminated only if (1) her working environment is objectively intolerable (i.e., intolerable to a reasonable person), and (2) either the employer intends to force the employee to quit, or it is reasonably foreseeable that the employer's actions would cause the employee to quit." *Darke v. Lurie Besikof Lapidus & Co, LLP*, 550 F. Supp. 2d 1032, 1045 (D. Minn. 2008). Ms. Wulf has stated that she was "forced to leave [her] position," leaving the Court to infer that she ceased working at the Coffee Cup Fuel Stop at some time after March 4, 2024. Ms. Wulf alleged that she perceived the area supervisor's open-ended response to her question about firing as a threat. Ms. Wulf has not identified additional facts such as the approximate date of her employment ended, nor has she indicated whether she had any further conversations with the employer in which one party (or the other) indicated an intention to terminate the employment on a particular date. The facts alleged at this stage are insufficient to demonstrate an objectively intolerable environment nor one that creates a reasonably foreseeable chance of causing the employee to quit.

The Court also considers whether Ms. Wulf has stated a claim that her employer failed to provide reasonable accommodation for her religious beliefs. "For a Title VII claim based on a failure to accommodate religious beliefs, th[e Eighth C]ircuit has a three-part test: To establish a prima facie case of religious discrimination under Title VII, [employees] must show [1] that they have a bona fide religious belief that conflicts with an employment requirement; [2] that they informed [employer] of this belief; and [3] that they were disciplined for failing to comply with the conflicting requirement of employment." *Ringhofer v Mayo Clinic, Ambulance*, 102 F.4th 894, 900 (8th Cir. 2024). Ms. Wulf has alleged that she informed her employer of attending church, speaking about Jesus, and listening to a prayer line and that her employer prohibited her from engaging in those practices at work. Those allegations are sufficient to demonstrate the first two requirements of the three-part test set out above. However, Ms. Wulf has not alleged any disciplinary action for failing to comply with the conflicting work requirement. It is not clear if the conversation between Ms. Wulf and the area supervisor ended with any kind of plan of action

5

nor whether she continued to work at Coffee Cup Fuel Stop for any period of time following that conversation. The Court takes into consideration the Eighth Circuit's guidance that at this early stage in the proceedings, "[t]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Id* Accepting Ms. Wulf's allegations as true at this stage of the analysis, the Court nevertheless cannot fill in the information gap between the open-ended statement that Ms. Wulf perceived as a threat and how her employment ended.

At this stage, Ms. Wulf's case does not survive screening. It will be dismissed without prejudice. "Without prejudice" means that Ms. Wulf may, if she wishes, submit a new Complaint, but it must include additional facts to overcome the deficiencies of the present Complaint and "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### III.    Motion to Appoint Counsel

Ms. Wulf also moves the Court to appoint counsel. (Doc. 2). "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (citing *Wiggins v Sargent*, 753 F.2d 663, 668 (8th Cir. 1985)). "In civil rights matters the court *may* pursuant to 28 U.S.C. § 1915 request an attorney to represent a party if, within the court's discretion, the circumstances are such that would properly justify such a request." *Mosby v Mabry*, 697 F.2d 213, 214 (8th Cir. 1982) (internal quotations and citation omitted). Since the Complaint is dismissed, albeit without prejudice, the request to appoint counsel is moot and is DENIED.

### IV.    Motion To Electronically File Documents

Ms. Wulf has also requested leave to electronically file documents in this case. (Doc. 6) This Motion is moot and DENIED.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 3) is GRANTED,

2. Plaintiffs Complaint is DISMISSED without prejudice for failure to state a cause of action.

3. Plaintiff's Motion to Appoint Counsel (Doc. 4) is DENIED as moot;

4. Plaintiff's Motion to Electronically File Documents (Doc. 6) is DENIED as moot.

Dated this 10th day of March, 2025

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

_____

7